# CIRCUIT COURT OF THE CITY OF ROANOKE

Utica Mutual Ins. Co.

v.

Ronald C. Myers,
Peggy A. Booth Marr,
and Carlton C. Clay

October 23, 1996

Case No. CH95-767

BY JUDGE ROBERT P. DOHERTY, JR.

This declaratory judgment action presents the question of whether a husband, who is separated from his wife and living at his mother's house, can claim benefits under his mother's uninsured motorist coverage as a "relative of the named insured who is a resident of the same household." That is the definition of an insured under the Plaintiff's insurance contract. The parties have stipulated to the evidence but not the facts. The applicable law is correctly cited by counsel. Upon a determination of the facts, I find that the husband is not insured under his mother's automobile liability policy.

The short marriage of husband and wife was fraught with frequent separations. During those separations, husband usually stayed at his mother's home, where he had resided prior to his marriage. Despite the wife being approximately eight months pregnant, husband left the wife in August, 1996, and again moved in with his mother. On September 2, 1992, husband was involved in an automobile accident as a pedestrian. It is for this accident that husband claims coverage under the uninsured motorist portion of his mother's automobile liability policy. Husband and wife reconciled sometime in November, 1992. They have since divorced.

Husband testified during his deposition (T-28-29) that it "wasn't my plan to separate permanently." He said he intended to stay at his mother's house only "Till I got back on my feet." In response to a Request for Admissions, he admitted "That [he] had not planned to separate permanently with [his] wife

when the accident in question occurred." When responding to an insurance adjuster's query as to whether he was looking for a place to live during his marital separation, other than his mother's home, he replied "Not really. I was just hanging out at my moms, you know, staying there getting over a bad time."

I accept those statements as proof of the husband's state of mind and/or intent during the time he stayed with his mother while he and his wife were separated. When that intent is coupled with those portions of the stipulated evidence that are not in controversy, the ultimate decision is inescapable. *Allstate Ins. Co. v. Patterson*, 231 Va. 358 (1986). The husband was a "visitor or sojourner in [his] mother's home … ." *Furrow v. State Farm Mut. Auto. Ins. Co.*, 237 Va. 77 (1989). He was a temporary resident at his mother's *house* and not a permanent resident of her *household. State Farm Mut. Auto. Ins. Co. v. Smith*, 206 Va. 280 (1965). He cannot be treated as an insured under the facts of this case.